IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLRISH RETAIL MANAGEMENT & SECURITY SERVICES LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HALLMARK SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 20-cv-00096-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiffs (collectively, "FLRish") have sued Hallmark Specialty Insurance Co., claiming that Hallmark wrongfully denied coverage and violated its duty to defend FLRish against a discrimination and retaliation action brought by a former employee. Because the claim at issue was clearly excluded from coverage under the applicable policies, Hallmark's motion to dismiss is granted with prejudice.

**I.     BACKGROUND**

On March 1, 2018, Hallmark issued an employment practices liability policy of insurance to FLRish. Compl. (dkt. 1) ¶ 9. The initial policy ran from March 1, 2018, to March 1, 2019, Policy One (dkt. 11, Ex. A) at HSIC 3,[1] and was renewed for a period running from March 31, 2019, to March 31, 2020, Policy Two at HSIC 34. Both policies excluded from coverage any

---

[1] The Court incorporates by reference the first and second Hallmark policies (dkt. 11, Exs. A & B) and FLRish's Notice of Claim and attachments (dkt. 11, Ex. D) because those documents are referenced in the Complaint and are the basis for FLRish's claim. See Compl. ¶¶ 9, 13; see also Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). Because Hallmark's other requests for judicial notice are not necessary to resolve this matter, they are denied as moot. For ease of reference, this Order employs Hallmark's numbering when citing to Policy One, Policy Two, and the Notice of Claim.

1  claim:

3  alleging, arising out of, based upon, relating to, attributable to,
4  directly or indirectly resulting from or in consequence of, or in any
   way involving any **Wrongful Act** or **Related Wrongful Act** or any
5  fact, circumstance or situation which has been the subject of any
   **Claim** or notice of circumstance reported under any other policy of
6  which this Policy is a renewal, replacement, or which this Policy may
   succeed in time.

7  ("Exclusion B"). Policy One at HSIC 12; Policy Two at HSIC 42.

8  The claim at the heart of this dispute (the "Moothery claim") arose from a discrimination
9  and retaliation suit brought by a former bookkeeper for FLRish. Compl. ¶ 12. FLRish initially
10 reported Moothery's lawsuit to a different insurer, the Beazely Group. Notice of Claim at
11 HSIC 133. FLRish's Beazely policy ran from December 1, 2015, to December 1, 2016. Id. at
12 HSIC 135. Beazely initially agreed to provide coverage, id. at HSIC 133, but, according to
13 FLRish, later withdrew coverage, Opp'n (dkt. 14) at 1. At that point FLRish reported the claim to
14 Hallmark. Id. When Hallmark declined coverage, FLRish filed the instant action, bringing claims
15 for breach of contract, breach of the implied covenant of good faith and fair dealing, and
16 declaratory relief. Compl. ¶¶ 21–35.

17 **II.    LEGAL STANDARD**

18 Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for
19 failure to state a claim upon which relief may be granted. Dismissal may be based on either "the
20 lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
21 theory." Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). A complaint
22 must plead "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal,
23 556 U.S. 662, 697 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A
24 claim is plausible "when the plaintiff pleads factual content that allows the court to draw the
25 reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

26 When evaluating a motion to dismiss, the Court "must presume all factual allegations of
27 the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."
28 Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). "[C]ourts must consider the

1  complaint in its entirety, as well as other sources courts ordinarily examine when ruling on
2  Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by
3  reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues &
4  Rights, Ltd., 551 U.S. 308, 322 (2007).

5  If a court does dismiss a complaint for failure to state a claim, it should "freely give leave
6  [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court nevertheless has
7  discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of
8  the movant, repeated failure to cure deficiencies by amendments previously allowed, undue
9  prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of
10 amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing
11 Foman v. Davis, 371 U.S. 178, 182 (1962)).

**III.    DISCUSSION**

This action is precluded by Exclusion B. That provision bars coverage of any claim that was previously "reported under any other policy . . . which this Policy may succeed in time." Policy One at HSIC 12; Policy Two at HSIC 42. The Moothery claim was previously reported under the Beazley policy. Notice of Claim at HSIC 133. The Beazley policy period was December 1, 2015, to December 1, 2016, so the Hallmark policy "succeed[ed] [it] in time." Id. at HSIC 135; see also Policy One at HSIC 3. Ergo, Exclusion B applies to the Moothery claim. See Landmark Am. Ins. Co. v. Navigators Ins. Co., 354 F. Supp. 3d 1078, 1084 (N.D. Cal. 2018) (interpreting the scope of a nearly identical exclusion).

FLRish does not contest that the Moothery claim was reported under the Beazley policy, or that the Hallmark policy succeeded the Beazley policy in time. Indeed, it relies on these facts to try to excuse its late reporting of the Moothery claim to Hallmark. See Opp'n at 1. It makes two other arguments that Exclusion B should not apply.

First, it argues that the exclusion is inapplicable because Beazley withdrew coverage and "[t]here is nothing in the Hallmark policy . . . that addresses what happens when the first carrier providing coverage later withdraws the coverage." Opp'n at 3. To the contrary, Exclusion B plainly applies anytime a claim has been reported under a prior policy. Policy One at HSIC 12;

1   Policy Two at HSIC 42.  It thus applies whether that claim is covered by the prior policy or not.
2   As Hallmark points out, the fact that the policy does not address a situation where the first carrier
3   withdraws coverage cuts against FLRish—it means there is no exception to the plain language of
4   Exclusion B in this situation.  Reply at 9.  FLRish complains that this is a harsh result: "Plaintiff is
5   left without the coverage it contracted for and relied upon."  Opp'n at 3.  But this cannot justify
6   inventing ambiguity where none exists, see Gen. Reinsurance Corp. v. St. Jude Hosp., 107 Cal.
7   App. 4th 1097, 1108 (Cal. Ct. App. 2003), as FLRish suggests, and in any event that outcome is as
8   attributable to Beazley's withdrawal of coverage than to the operation of Exclusion B.

9        Second, FLRish claims Exclusion B cannot apply here because Hallmark's interpretation
10  of its scope would deny coverage even if the Moothery claim had been reported under a clearly
11  inapplicable prior policy, such as a homeowner's policy.  Opp'n at 8.  FLRish does not claim that
12  the Beazley policy was clearly inapplicable, and "no authority permit[s] an insured to manufacture
13  hypothetical scenarios beyond those encompassed by the pleadings or the facts known to the
14  insurer in order to give rise to" coverage.  All Green Elec., Inc. v. Sec. Nat'l Ins. Co., 22 Cal. App.
15  5th 407, 417 (Cal. Ct. App. 2018).

16       Exclusion B is fatal to all three causes of action.  Because Hallmark had no obligation to
17  provide coverage, FLRish does not state a claim for breach of contract.  See Oasis W. Realty, LLC
18  v. Goldman, 51 Cal. 4th 811, 821 (Cal. 2011).  The claim for breach of the implied covenant of
19  good faith and fair dealing fails because Hallmark had no duty to provide coverage.  See Am.
20  Med. Int'l, Inc. v. Nat'l Union Fire Ins. Co., 244 F.3d 715, 720 (9th Cir. 2001).  And FLRish's
21  request for declaratory relief relies on the allegations underlying the first two causes of action, so
22  it dies with them.  See Compl. ¶¶ 32–35.  Because Exclusion B constitutes sufficient reason to
23  dismiss on its own, there is no need to consider Hallmark's other arguments for dismissal.

24       FLRish avows that if given leave to amend it will cure the deficiencies in its Complaint.
25  See Supp. Opp'n (dkt. 22) at 1.  But it offers no explanation of how amended or additional
26  allegations will avoid application of Exclusion B, and the Court can conceive of no path around
27  that obstacle.  Because it appears amendment would be futile, dismissal is with prejudice.
28  Leadsinger, 512 F.3d at 532.

### IV. CONCLUSION

For the foregoing reasons, FLRish's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: April 16, 2020



CHARLES R. BREYER
United States District Judge